**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

THE ESTATE OF HARRY MCCLINTOCK,

Plaintiff,

- v -

CRISPIN PORTER + BOGUSKY

Defendant.

---



Civil Action No.: 07 cv 3359

**FIRST AMENDED COMPLAINT**

Plaintiff THE ESTATE OF HARRY MCCLINTOCK (hereinafter the "Estate"), by and through its counsel, Troutman Sanders LLP, as and for its First Amended Complaint against Defendants CRISPIN PORTER + BOGUSKY (hereinafter "Crispin"), states as follows:

### JURISDICTION AND VENUE

*1.* This complaint raises a cause of action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

*2.* Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 as a federal question is presented in this matter.

*3.* Upon information and belief, defendant Crispin is a corporation organized and existing under the laws of the state of Florida, with a principle place of business at 3390 Mary St., Suite 300, Miami, Florida 33133.

*4.* Upon information and belief, Crispin is an advertising agency that caters to clients in this judicial district, derives substantial income from this judicial district and conducts substantial business in this judicial district.

## Background

5.  Harry McClintock (hereinafter "McClintock") was born in 1882 and died in 1957, and was professionally known as alternatively "Harry McClintock," "Radio Mac," "Haywire Mac," "Mac," and "Cactus Mack."

6.  McClintock was a well known musician and performer.

7.  McClintock had a radio show in the 1920's and 1930's, and appeared in "Western" movies in the 1930's, 1940's and 1950's.

8.  McClintock was the first artist to record what have become classic American folk songs, such as "Sweet Betsy From Pike" and "Good Old Paint".

9.  McClintock recorded several songs, many of which have been reissued by the Smithsonian collection.

10. McClintock wrote various musical compositions, including "The Big Rock Candy Mountain," and "Hallelujah I'm a Bum."

11. The Estate owns the copyrights to all of the musical compositions written by McClintock.

### As and For a First Cause of Action: Copyright Infringement

12. To the extent applicable, the Estate realleges and incorporates by reference all of the foregoing paragraphs as though fully set forth herein..

13. This cause of action arises under the Copyright Act, 17 U.S.C. § 101 *et. seq.*

14. Plaintiff owns the worldwide copyrights to the musical composition, *"The Big Rock Candy Mountain"* (hereinafter, the "Composition").

15. The Composition was originally registered with the United States Copyright Office on or about December 10, 1928, and was the subject of Registration No. E 1521.

2

*16.*     The copyright to the Composition was renewed on or about December 10, 1955, and is the subject of U.S. Copyright Registration R 161928.

*17.*     The copyright to the Composition has been owned and controlled by the Estate at all times since October 26, 1986.

*18.*     Upon information and belief, Crispin creates television commercials for third parties.

*19.*     Upon information and belief, some time prior to February 2005, Crispin created a series of television commercials for Burger King to promote Burger King's "Tendercrisp Bacon Cheddar Ranch" sandwich.

*20.*     Upon information and belief, one of these commercials featured Darius Rucker, formerly known as "Hootie" of the musical group "Hootie and the Blowfish," dressed in cowboy gear (hereinafter, the "Infringing Commercial").

*21.*     Upon information and belief, in the Infringing Commercial, Darius Rucker sings new lyrics to the tune of the Composition.

*22.*     Upon information and belief, the music in the Infringing Commercial infringes the Estate's copyright in and to the Composition.

*23.*     Upon information and belief, the music in the Infringing Commercial is substantially similar to the Composition.

*24.*     Upon information and belief, the music in the Infringing Commercial is a derivative work based on the Composition.

*25.*     Upon information and belief, the Infringing Commercial was broadcast throughout the United States beginning on or about February 25, 2005.

*26.*     Upon information and belief, at all times from February 2005 through the present, Crispin has made the Commercial available for broadcast over the internet.

NEWYORK01 1196895v1 040792-000002

27. Upon information and belief, prior to commissioning of the Commercial, Crispin was aware of the Composition and the Estate's rights therein and thereto.

28. Upon information and belief, prior to the broadcast of the Commercial, Crispin was aware of the Composition and the Estate's rights therein and thereto.

29. After the Commercial was broadcast Crispin was contacted by the Estate's counsel. Counsel for the Estate indicated the Estate's displeasure with the Commercial. Crispin responded by urging that it did not believe the Estate's copyrights were valid, but refused to indicate the reason therefore.

30. Upon information and belief, the infringing acts of Crispin have been, and if continued hereafter will continue to be, committed willfully and with blatant disregard for the Estate's rights.

31. Upon information and belief, Crispin's conduct has inured, and if unchanged will continue to inure, to the detriment of the Estate.

WHEREFORE, the Estate prays for relief and respectfully request that the Court:

(a) Enjoin Crispin, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying or otherwise exploiting or otherwise infringing the Estate's copyrights or other rights in any manner;

(b) Ordering Crispin to account to the Estate for all gains, profits, and advantages derived by defendants by their infringement of the Estate's copyright;

(c) Declare Crispin a willful infringer of plaintiff's copyright;

(d) Award to the Estate:

4

  (1) damages and lost profits for all copyright infringements, or statutory damages if the Estate so elects;

  (2) full costs for this action, including reasonable attorney fees; and

  (3) prejudgment and post judgment interest on all sums; and

(e) Award the Estate any further relief as justice may require, or as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff The Estate of Harry McClintock hereby requests a jury trial for all claims as provided for in Federal Rule of Civil Procedure 38.

Respectfully Submitted,

**Dated:** June 14, 2007
New York, New York

TROUTMAN SANDERS LLP

By: _____
Oren J. Warshavsky (OW 9469)
405 Lexington Avenue
New York, New York 10174
(212) 704-6213 Telephone
(212) 704-8356 Facsimile
oren.warshavsky@troutmansanders.com

*Attorney for Plaintiffs*

5

## AFFIDAVIT OF SERVICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF HARRY MCCLINTOCK,

          Plaintiff,

- v -

CRISPIN PORTER + BOGUSKY

          Defendant.

Civil Action No. 07 cv 3359

**FIRST AMENDED COMPLAINT**

STATE OF NEW YORK  )
                           ) ss:
COUNTY OF NEW YORK  )

Karen Shields, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in New York County, New York.

On June 14, 2006, I served the within **First Amended Complaint** by depositing a true copy thereof in a post-paid wrapper for delivery by first class mail into the custody of the United States Postal Service within New York addressed to the following individual at the address set forth below.

          Edward Rosenthal, Esq.
          Frankfurt Kurnit Klein & Selz, PC
          488 Madison Avenue
          New York, New York 10022

                                        Karen Shields

Sworn to before me this
14th day of June, 2007

_____
Notary Public

ISIDORE ZIMERMAN
Notary Public, State of New York
No. 4505754
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires July 31, 20__