Edward H. Rosenthal (ER-8022)
Wendy Stryker (WS-9570)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
488 Madison Avenue, 9th Floor
New York, NY 10022
(212) 980-0120

*Attorneys for Defendant Crispin Porter & Bogusky LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

THE ESTATE OF HARRY MCCLINTOCK,

    Plaintiff,

  v.

CRISPIN PORTER & BOGUSKY,

    Defendant.

07 CV 3359 (NRB)

**ANSWER TO
AMENDED COMPLAINT**

---------------------------------------------------------

  Defendant Crispin Porter & Bogusky LLC ("CPB" or "Defendant"), by its undersigned attorneys, as and for its answer to plaintiff's amended complaint dated June 14, 2007 (the "Amended Complaint") alleges as follows:

### JURISDICTION AND VENUE

  1. Paragraph 1 of the Amended Complaint contains allegations of law, not fact, to which no response is required.

  2. Paragraph 2 of the Amended Complaint contains allegations of law, not fact, to which no response is required.

  3. Admit the allegations set forth in paragraph 3 of the Amended Complaint.

4.  Deny the allegations set forth in paragraph 4 of the Amended Complaint, except admit that CPB is an advertising agency.

## BACKGROUND

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

### As and For a First Cause of Action:
### Copyright Infringement

12. Repeat and reallege the allegations set forth in paragraphs 1 through 11 as if fully set forth herein.

13. Paragraph 13 of the Amended Complaint contains allegations of law, not fact, to which no response is required.

14.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18.   Admit the allegations set forth in paragraph 18 of the Amended Complaint.

19.   Deny the allegations set forth in paragraph 19 of the Amended Complaint, except admit that prior to February 2005, CPB created a television commercial for Burger King to promote its "Tendercrisp Bacon Cheddar Ranch" sandwich (the "Commercial").

20.   Deny the allegations set forth in paragraph 20 of the Amended Complaint, except admit that the Commercial contained Darius Rucker, formerly of the musical group "Hootie and the Blowfish," dressed in cowboy gear.

21.   Deny the allegations set forth in paragraph 21 of the Amended Complaint.

22.   Deny the allegations set forth in paragraph 22 of the Amended Complaint.

23.   Deny the allegations set forth in paragraph 23 of the Amended Complaint.

24. Deny the allegations set forth in paragraph 24 of the Amended Complaint.

25. Deny the allegations set forth in paragraph 25 of the Amended Complaint, except admit that for a period of weeks the Commercial aired on network, syndicated and cable television.

26. Deny the allegations set forth in paragraph 26 of the Amended Complaint except admit that commencing March 2005, the Commercial appeared on CPB's industry website.

27. Deny the allegations set forth in paragraph 27 of the Amended Complaint.

28. Deny the allegations set forth in paragraph 28 of the Amended Complaint.

29. Deny the allegations set forth in paragraph 29 of the Amended Complaint except admit that the Estate's counsel made a claim of copyright infringement by letter dated March 25, 2005 and did not respond to CPB's request for written evidence of the Estate's copyright claim.

30. Deny the allegations set forth in paragraph 30 of the Amended Complaint.

31. Deny the allegations set forth in paragraph 31 of the Amended Complaint.

## DEFENSES

### FIRST DEFENSE

32. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

33. The Court lacks personal jurisdiction over the defendant CPB.

## THIRD DEFENSE

34. Venue is improper in the Southern District of New York.

## FOURTH DEFENSE

35. The material allegedly copied is not original.

## FIFTH DEFENSE

36. Plaintiff's claims are barred, in whole or in part, on the grounds that the Commercial is a parody of the allegedly copyrighted Composition.

## SIXTH DEFENSE

37. Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff does not own any copyright in the allegedly infringed Composition.

## SEVENTH DEFENSE

38. Plaintiff's claims are barred, in whole or in part, on the grounds that one or more of the copyright registrations asserted herein are invalid and/or void and/or were never obtained.

## EIGHTH DEFENSE

39. Plaintiff's claims are barred, in whole or in part, on the grounds that the copyright in the Composition at issue in this action has fallen into the public domain.

## NINTH DEFENSE

40. Plaintiff's claims are barred, in whole or in part, due to the good faith of CPB, including, but not limited to, innocent intent on the part of CPB and others.

## TENTH DEFENSE

41.     Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## ELEVENTH DEFENSE

42.     Plaintiff's claims are barred, in whole or in part, on grounds that the allegedly infringing Commercial is not substantially similar to the Composition or any portions thereof.

## TWELFTH DEFENSE

43.     Plaintiff's claims are barred, in whole or in part, on the grounds that CPB has not improperly copied or reproduced the allegedly copyrighted Composition or portions thereof.

## THIRTEENTH DEFENSE

44.     CPB has not willfully infringed any copyright owned by Plaintiff, including any alleged copyright in the Composition.

## FOURTEENTH DEFENSE

45.     Plaintiff's claims are barred, in whole or in part by the doctrine of laches.

## FIFTEENTH DEFENSE

46.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or estoppel.

## SIXTEENTH DEFENSE

47.     Plaintiff's claims are barred because maintenance of this action constitutes a violation of CPB's rights under the United States Constitution, and, in

particular, the First Amendment's guarantee of the right of freedom of speech and any analogous provision of applicable state law.

**WHEREFORE**, defendant CPB respectfully requests judgment against Plaintiff dismissing the Amended Complaint in its entirety with prejudice; denying Plaintiff's request for relief in all regards; awarding CPB its attorneys fees and costs pursuant to 17 U.S.C. §505, 15 U.S.C. §1117 and otherwise as permitted by law; and granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 20, 2007

                                        FRANKFURT KURNIT KLEIN & SELZ, P.C.

                                        By: _____
                                        Edward H. Rosenthal (EHR 8022)
                                        Wendy Stryker (WS 9570)
                                        *Attorneys for Defendant CPB*
                                        488 Madison Avenue
                                        New York, New York 10022
                                        (212) 980-0120

TO: Oren J. Warshavsky (OW-9469)
TROUTMAN SANDERS LLP
405 Lexington Avenue
New York, NY 10174
(212) 704-6213

*Attorney for Plaintiff*

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NEW YORK )

JENNIFER BERRIOS, being duly sworn, deposes and says:

I am not a party to this proceeding, am over eighteen years of age, and reside in the Bronx, New York.

On July 20, 2007, I served an **Answer to Amended Complaint** upon:

>Oren J. Warshavsky (OW-9469)
>TROUTMAN SANDERS LLP
>405 Lexington Avenue
>New York, NY 10174
>(212) 704-6213

via Federal Express by placing true copies of same in a properly-addressed envelope, postage postpaid, and by causing said envelope to be deposited in an official depository under the exclusive care and custody of Federal Express.

_____
JENNIFER BERRIOS

Sworn to before me this
24th day of July, 2007

_____
Notary Public

DONALD P. THORESEN
Notary Public, State of New York
No. 4427742
Qualified in Kings County
Commission Expires October 23, 2009

FKKS: 328632.v1

5926.315